## STOWE v. S. H. KRESS & CO.
### No. 11996.

Circuit Court of Appeals, Fifth Circuit.

Dec. 11, 1947.

W. P. McLean, Jr., and Denning Schattman, both of Forth Worth, Tex., for appellant.

Fred T. Porter, of Dallas, Tex., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Appellant sued appellee for injuries which she alleged were received when she stepped on a banana peel and fell on the stairway of defendant's store in Dallas. Plaintiff alleged that "said banana peel and other trash had been on said stairway for an unreasonable time, without discovery by defendant and without removal of same for an unreasonable time, and had defendant exercised ordinary care in inspecting said stairway, said banana peel would have been discovered and removed before said injury to said plaintiff."

The motion of the defendant for an instructed verdict, made at the conclusion of the plaintiff's testimony, was granted by the lower Court on the ground that she had wholly failed to prove the negligence alleged in her complaint. The only evidence, other than the fact that the banana peel was black, by which appellant claims to have shown that the peel was on the stairway for an unreasonable time or that the defendant knew of its presence and should have removed it was the following statement which plaintiff says was made to her by Mr. Bell, a steward of the defendant, shortly after her fall and immediately before she became unconscious: "Lady, I hope you are not badly hurt. Less than thirty minutes ago I told the porter to clean up this trash." She also introduced a portion of the deposition of Bell wherein he denied making the statement or having any knowledge whatever of the banana peel. Appellee urges that Bell was plaintiff's own witness and that she is bound by his testimony. We do not consider it necessary to decide the effect of this argument for the reason that the statement attributed to witness Bell failed to give any information as to how long the banana peel had been on the stairway or to show that the defendant, or any of its employees, knew of its presence there. The evidence does not show that "this trash", as spoken of by Bell, had any reference to the banana peel on which plaintiff slipped; it does not show the presence of a banana peel in the trash referred to, nor that the peel was there when Bell ordered the trash removed. Moreover, the term "less than thirty minutes ago" could have been any number of minutes less than thirty and furnished no standard by which the duration of defendant's knowledge of the location of the banana peel could be ascertained.

The fact that the banana peel was black is not indicative of the length of time that it was allowed to stay on the stairway. As stated by the Court below: "In the first place there is nothing in the evidence here as to what caused it to turn black. That is all counsel's theory, without any evidence. You would have to take judicial notice that it stayed right there on the floor until it turned black; that it did not turn black from staying on the banana stalk too long." (R. 112.)

We are of the opinion that the appellant failed to make out a case and the judgment of the Court below is affirmed.