Kathryn M. **GREEN**, Appellant,

v.

**J. WEINGARTEN, INC.**, Appellee.

No. 4017.

Court of Civil Appeals of Texas.

Eastland.

Nov. 12, 1965.

William J. Kershner, Houston, for appellant.

Vinson, Elkins, Weems & Searls, Gay Brinson, Jr., Houston, for appellee.

GRISSOM, Chief Justice.

Kathryn M. Green slipped and fell when she stepped on a green onion stalk in J. Weingarten's grocery store. She sued for damages suffered in the fall. There was testimony that the onion stalk was dirty and dark brown with black places on it and that it was an old brown onion stalk and that it did not appear fresh. At the close of plaintiff's evidence, the court withdrew the case from the jury and rendered judgment for the defendant. The plaintiff has appealed.

Appellant contends that the evidence as to the appearance and condition of the onion stalk was such that it raised an issue of fact as to whether it had been on defendant's floor for such length of time that it would have been discovered and removed by the defendant had it exercised ordinary care. There was no evidence as to how the stalk got on the floor or how long it had been there, unless, from its appearance, it was more reasonable to conclude that such condition occurred after, instead of before, it got on the floor. It has often been held in Texas under similar fact situations that such conditions of an article upon a floor does not show that it was more probable that it got in that condition after it got on the floor than before it got there. After a careful study of the record, we are forced to the conclusion that there is no evidence that the onion stalk had remained on the defendant's floor for such length of time that by the exercise of ordinary care the defendant would have discovered and removed it. H. E. Butt Grocery Co. v. Johnson, Tex.Civ.App., 226 S.W.2d 501 (Writ Ref.); Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Hall v. Safeway Stores, Inc., Tex. Civ.App., 360 S.W.2d 536 (Ref. N.R.E.).

The courts seem to have sometimes distinguished between the sufficiency of evidence as to liquids and solids upon a floor. For instance, in Furr's, Inc. v. Bolton, Tex. Civ.App., 333 S.W.2d 688, 689, it was said that the nature of a liquid found dried the edges and then fallen to the floor and that such situation was different than that around the edges on the defendant's floor was such that it could not have dried around

shown by the appearance of a banana or grape which might just as likely have withered and blackened before as after it fell to the floor. In Furr's, Inc. v. McCaslin, Tex.Civ.App., 335 S.W.2d 284, it was held that where it was equally as probable that the withering, blackening and deterioration of an article occurred before it got to the floor as afterward that from such condition of an article on a floor it could not reasonably be inferred that it got that way while it was on the floor. In S. H. Kress & Company v. Selph, Tex.Civ.App., 250 S.W. 2d 883 (Ref. N.R.E.), candy was found on the floor. There was evidence of broom marks on the candy, from which it was held there was evidence that the candy had been on the floor for a considerable period of time. Here, the evidence as to the appearance and condition of the green onion stalk does not justify a conclusion that it had been on the defendant's floor for such a length of time that, had the defendant exercised ordinary care, it would have been discovered and removed. It is no more reasonable to conclude that the darkening or formation of black spots on the onion stalk occurred while it was on the floor than before it got there. The judgment is affirmed.