**FURR'S SUPERMARKETS, INC.,**
**Appellant,**

**v.**

**Alexandria ARELLANO, Appellee.**

**No. 6298.**

Court of Civil Appeals of Texas,
El Paso.

March 28, 1973.

Rehearing Denied April 11, 1973.

Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, Malcolm Harris, El Paso, for appellant.

Gerald R. Shifrin, El Paso, for appellee.

OPINION

RAMSEY, Chief Justice.

This is a slip and fall case. Alexandria Arellano, Plaintiff-Appellee, brought suit to recover for personal injuries against Furr's Supermarkets, Inc., Defendant-Appellant. A jury verdict awarded Plaintiff $14,012.50. The judgment is reversed and rendered.

The Defendant presents four points of error. These are based on "no evidence" or "insufficient evidence" to sustain a judgment based on any negligent act on the part of the Defendant in its failure to discover and remove the foreign substance from the floor.

The facts reveal that Mrs. Arellano and her daughter were shopping in Defendant's store. The daughter had a shopping list and a cart. The Plaintiff went to get a can of wax, and after getting it slipped and fell on a macaroni pastry product called Alphabets. The Alphabets are described as hard small objects of a beige color and similar in color to the tile floor in the supermarket. The product was packaged in a plastic type bag. The empty or partially emptied bag was found in the shelf behind the stock, which indicated that someone has spilled the Alphabets and had replaced the broken plastic bag on the shelf. The fact of Plaintiff's fall and her resulting injury, pain and suffering are uncontradicted.

In reviewing "no evidence" and "insufficient evidence" points of error, this Court must be guided by the standards set forth in Garza v. Alviar, 395 S.W.2d 821 (Tex. Sup.1965). The parties, by their briefs, pinpoint the disputed issue to the one proposition being, whether or not the foreign substance had been on the floor for such a period of time, that in the exercise of ordinary care, the Defendant should have discovered and removed it.

The evidence contained in the record regarding the length of time the Alphabets were on the floor consisted of the showing that the floor had been mopped some forty-five minutes to an hour and a half prior to the Plaintiff's fall. The testimony showed that the Alphabets were soiled, scattered and appeared as though other persons had passed through the area and had been run over presumably by another cart or carts. The acting manager testified that he was performing the duties of the manager rather than being out on the floor in the store. No one knew, until Plaintiff's fall, that the Alphabets were on the floor. No one knew who caused them to be there nor how long they had been on the floor.

Courts of this State have consistently held that the owner or occupier of the premises can be held liable where the foreign substance has been on the floor for such a period of time that it should have been discovered and removed. Liquid, or semi-liquid substances, which by their nature in drying, have presented situations whereby their presence on the floor is indicative of the length of time they have been there. Furr's, Inc. v. McCaslin, Tex. Civ.App., 335 S.W.2d 284 (n. w. h.); Furr's, Inc. v. Bolton, Tex.Civ.App., 333 S.W.2d 688 (n. w. h.). A substance, such as water, by reason of its appearance as having been swept through with a broom, has been held as indicative of knowledge by the owner that the substance was on the floor. H. E. B. Food Stores v. Slaughter, Tex.Civ.App., 484 S.W.2d 794 (dism'd). Here, however, the nature of the Alphabets and their being on the floor in the condition in which they appeared after Plaintiff's fall present no evidence as to the length of time they were on the floor prior to the time Plaintiff slipped and fell. It would be as reasonable to assume that the Alphabets were spilled on the floor immediately prior to the Plaintiff's reaching the area as to assume that they had been on the floor such a length of time that the Defendant was negligent in failing to discover and remove them. The Plaintiff must discharge the burden of proving, either by direct or circumstantial evidence, the elements necessary to support her allegations of negligence. Green v. Weingarten, Inc., Tex.Civ.App., 398 S.W.2d 447 (n. w. h.); Stowe v. S. H. Kress & Co., 164 F.2d 593 (5th Cir. 1947); Brookshire Bros., Inc. v. Cherry, Tex.Civ.App., 387 S. W.2d 108 (ref'd n. r. e.). In reviewing the entire record, we can only conclude, as a matter of law, that the evidence is legally insufficient.

The judgment of the trial Court is reversed and judgment rendered for the defendant.