

**NUMBER 13-19-00611-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

**CLAUDIA LOPEZ,**                                                                               **Appellant,**

**v.**

**HEB GROCERY COMPANY, LP,**                                                          **Appellee.**

**On appeal from the County Court at Law No. 2
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Longoria**

Claudia Lopez appeals the trial court's granting of summary judgment in favor of appellee, HEB Grocery Company, LP (HEB), dismissing her slip-and-fall lawsuit. The only issues are whether HEB had actual or constructive notice of the alleged dangerous condition on the premises and whether HEB was negligent in failing to remove the hazard.

Lopez contends the trial court erred in granting summary judgment because she presented sufficient evidence to create a fact issue for the jury. We affirm.

## I. BACKGROUND

While shopping at a grocery store owned by HEB, Lopez was placing an item into her shopping cart when she stepped in liquid that caused her to slip and fall, which Lopez alleged caused her injury. Lopez sued HEB asserting a premises liability cause of action. Lopez alleged that the liquid on the floor was a dangerous condition that HEB "knew of, or in the exercise of ordinary care, should have known existed," and that HEB's failure to correct or warn of the hazard proximately caused her injury. HEB answered and later filed simultaneous motions seeking both no-evidence and traditional summary judgment. Both motions challenged the actual or constructive notice element of Lopez's premises liability claim. HEB asserted that it "did not know of, was not notified of, and had no reason to be aware of" any dangerous condition on its floor and that Lopez could present no evidence that HEB either knew or should have known of the alleged dangerous condition—the liquid on the floor.

Lopez responded, arguing that a genuine issue of material fact existed regarding whether HEB had actual or constructive notice of the liquid on the floor. In support of her response, she provided her own affidavit and HEB's answers to interrogatories. In her response, she noted: "In the case at bar, the liquid on the floor was dirty. Dirty liquid demonstrates that it is recognizable[] and been lying on the floor long enough to collect dirt. Accordingly, this provides sufficient evidence to create a fact issue on constructive knowledge." HEB filed a reply. The trial court granted summary judgment, entering an

2

order that Lopez take nothing on her claims. This appeal followed.

## II. PREMISES LIABILITY

Lopez argues that the trial court erred in granting HEB's motion for summary judgment, whether on traditional or no-evidence grounds. Specifically, she asserts that a genuine issue of material fact exists as to whether HEB had actual or constructive knowledge of the alleged dangerous condition, and whether HEB was negligent in failing to correct or warn of the hazard.

### A. Standard of Review

We review de novo a trial court's decision to grant summary judgment. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam). We consider the evidence in the light most favorable to the non-movant, indulging reasonable inferences and resolving doubts in the non-movant's favor. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). We credit evidence favorable to the non-movant if reasonable fact finders could, and we disregard contrary evidence unless reasonable fact finders could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When, as here, the trial court does not specify the grounds for its summary judgment, we must affirm if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

In a no-evidence motion for summary judgment, the movant asserts that no evidence supports one or more essential elements of the claims for which the non-movant bears the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*,

3

286 S.W.3d 306, 310 (Tex. 2009). The non-movant then must present more than a scintilla of probative evidence that raises a genuine issue of material fact supporting each element contested in the motion. *See Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 & n.4 (Tex. 2002). A no-evidence motion should be granted "when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

In a traditional motion, the movant must establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). If the movant establishes its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine issue of material fact sufficient to defeat summary judgment. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam).

**B.    Analysis**

HEB owed Lopez, "its invitee, a duty to exercise reasonable care to protect her from dangerous conditions in the store that were known or reasonably discoverable, but it was not an insurer of her safety." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002) (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)). Thus, to prevail on her premises liability claim, Lopez had to prove, among other things,

that HEB had actual or constructive notice of the liquid on which she slipped. *See id.*

In her summary judgment response, Lopez asserted that she raised a fact question on the actual or constructive notice element, specifically arguing that "[i]n the case at bar, the liquid on the floor was dirty. Dirty liquid demonstrates that it is recognizable[] and been [sic] lying on the floor long enough to collect dirt." In support, Lopez cites *Pay & Save, Inc. v. Martinez*, 452 S.W.3d 923 (Tex. App.—El Paso 2014, pet. denied) for the proposition that "[the liquid on the floor] being dirty is sufficient to demonstrate that the landowner possessed constructive knowledge." There, the court found that the injured party presented some evidence that the hazardous condition existed long enough for the store to have a reasonable opportunity to discover it. *Id.* at 929. The court based its finding on evidence of the store's "sweep log" showing that the floor had been swept less than an hour before the slip and fall occurred, that the floor "was very dirty," and that there was "another slip mark" showing that someone else had already slipped in the same area. *Id.* at 928. Further, the plaintiff presented evidence that there was an employee of the store "six or seven feet" away from where the incident occurred, who had been in the area for approximately fifteen minutes prior to the incident. *Id.*

Here, Lopez's argument is focused solely on the dirtiness of the liquid. She presented no evidence that any employee was in proximity to the liquid that allegedly caused her fall. Further, while she presented the trial court with HEB's answers to interrogatories, which she argues shows the floor was cleaned over an hour before her fall, she does not explain how this information would amount to actual or constructive knowledge of any liquid on the floor. Finally, the Texas Supreme Court's holding in

5

*Gonzalez* forecloses Lopez's contention that the dirtiness of the liquid alone demonstrates actual or constructive notice:

> Dirt in macaroni salad lying on a heavily-traveled aisle is no evidence of the length of time the macaroni had been on the floor. That evidence can no more support the inference that it accumulated dirt over a long period of time than it can support the opposite inference that the macaroni had just been dropped on the floor and was quickly contaminated by customers and carts traversing the aisle. In *Furr's Supermarkets, Inc. v. Arellano*, 492 S.W.2d 727 (Tex. Civ. App.—El Paso 1973, writ ref'd n.r.e.), another spilled-macaroni case, the court held that testimony that the dried macaroni noodles that caused the plaintiff's fall were "soiled, scattered and appeared as though other persons had passed through the area and had been run over presumably by another cart or carts" was no evidence of the length of time the macaroni noodles had been there. *Id.* at 728; *see also H.E. Butt Grocery Co. v. Rodriguez*, 441 S.W.2d 215, 217 (Tex. Civ. App.—Corpus Christi 1969, no writ) (holding that testimony that the grape on which plaintiff slipped was squashed and muddy, that the floor was dirty, and that pieces of paper were strewn around nearby was no evidence that the grape had been on the floor long enough to charge the store with notice); *H.E. Butt Grocery Store v. Hamilton*, 632 S.W.2d 189, 191 (Tex. App.—Corpus Christi 1982, no writ) (holding that testimony that grapes were stepped on and that the juices from both red and green grapes had blended together was no evidence of how long the grapes were on the floor). There were no comparisons between the dirt on the macaroni salad and the dirt on the surrounding floorspace that would justify the inference, relied on in *H.E. Butt Grocery Co. v. Heaton*, 547 S.W.2d 75, 76 (Tex. Civ. App.—Waco 1977, no writ), that the macaroni salad had been on the floor as long as the surrounding dirt on the floor, or that the dirt on the macaroni salad had dried, suggesting that it had been there for a prolonged period of time.

968 S.W.2d at 937. In rendering judgment for Wal-Mart, the Court held that the circumstantial evidence supported "only the *possibility* that the dangerous condition existed long enough to give Wal-Mart a reasonable opportunity to discover it." *Id.* at 936. Specifically, the *Gonzalez* court stated:

> We hold that the evidence that the macaroni salad had "a lot of dirt" and tracks through it and the subjective testimony that the macaroni salad "seemed like it had been there awhile" is no evidence that the macaroni had been on the floor long enough to charge Wal-Mart with constructive notice

6

of this condition.

*Id*. at 938. The same is true here: the liquid on the floor being described as "dirty" and Lopez's subjective assertion that it "looked like a lot of people had already been through that area before me" is no evidence that the liquid had been on the floor long enough to charge HEB with constructive notice of the alleged hazard. *See id*.

For the foregoing reasons, Lopez failed to raise a fact issue in response to HEB's no-evidence summary judgment motion on the premises-defect element of actual or constructive notice. *See Gonzalez*, 968 S.W.2d at 938. Accordingly, we overrule Lopez's sole issue.

### III.   CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Delivered and filed on the
22nd day of April, 2021.

7