**FURR'S, INC., Appellant,**

v.

**George BOLTON, Appellee.**

No. 5398.

Court of Civil Appeals of Texas.

El Paso.

March 23, 1960.

Rehearing Denied April 6, 1960.

Stubbeman, McRae, Sealy & Laughlin, Perry Davis, Jr., Midland, for appellant.

John J. Watts, Odessa, for appellee.

FRASER, Justice.

This cause was brought by the appellee for personal injuries allegedly sustained by appellee's wife when she slipped and fell in the appellant's grocery store in Ector County, Texas. The appellant filed its plea of privilege, seeking to have this cause transferred to Lubbock County, Texas, the head office of defendant corporation. Appellee filed his controverting affidavit. The trial court after hearing the matter overruled appellant's plea of privilege, and appellant has duly perfected its appeal to this court.

Appellant's two points maintained that there was no evidence, or there was insufficient evidence, to show any negligent act or omission on the part of appellant which could have been a proximate cause of the accident in question.

Appellee alleged in his petition that his wife stepped on or into a pool of juice caused by crushed grapes or other fluid, and fell to the floor sustaining serious injuries, and alleges that this accident was proximately caused by various acts of negligence on the part of appellant, its agents, servants and employees. Mrs. Bolton, appellee's wife, testified that she had been in the store about fifteen minutes before she fell, and that, while pushing a grocery cart, she was looking at the shelves for a certain item of groceries, when she suddenly slipped and fell. She testified that she examined the area while she was still on the floor, and also after she got up, and that she observed some grapes that had been mashed and turned dark, some that hadn't, and that there was liquid on the floor covering an area about the size of a crate of grapes. She testified that the grape juice was clear-looking and had dried some around the edges. She further testified that she had formerly worked in a grocery store and knew the kind and type of crate used for grapes, and also that she had observed that leaving cartons of seedless grapes like these on the floor would cause juice to seep out and some of the grapes to fall out. She testified that it took about 30 minutes to an hour for the juice to dry around the edge when it is on the floor.

We believe that the trial court was correct in its holding. Without going into a painstaking review of the cases cited, we will observe only that, with one exception, they relate to a similar set of circumstances and deal with articles, rather than fluids. As we said in Henderson v. Pipkin Grocery Co., Inc., 268 S.W.2d 703, a storekeeper is not an insurer, and plaintiff has the burden of showing that, if he did not

do the act that caused the danger, then he is liable only if he knew or should have known of the existence of the danger. The many cases cited here have rejected plaintiff's attempt to show by inference that the article causing the fall had been on the floor a sufficient length of time to have placed a duty on the store-keeper to have known and done something about it. But these cases, with one exception, deal with things like bananas, grapes, mustard leaves, chewing gum, ice cream, etc. In such cases the court was asked to find, or infer, that the withering, blackening or deterioration took place *after* the article was on the floor. The courts have held such is an unwarranted inference and, generally speaking, we agree. The grape or the banana may have been black or withered before it got on the floor, and, in some of these cases, it would have required an inference upon inference, or a presumption upon presumption. Here we have a different situation, as we are dealing with a liquid described as grape juice, which had begun to dry around the edges. We think that, here, there can be a proper inference, based upon the testimony referred to above —that the juice had been there long enough so that the store-keeper should have known about it. The very nature of liquids such as these is such that it would not have dried around the edges and then fallen to the floor and presented the same appearance as an object such as a banana or a grape could do. The grape or banana, or other such, may well have withered and blackened before it got on the floor, but we do not believe that juice could dry around its edges and be transmitted to the floor in the same condition.

Therefore, we think that the plaintiff here—through the testimony of the witness, who testified that she slipped, and, while still sitting on the floor, observed the juice and the grapes; observed it again after she arose; stated that the juice was dried around the edges; that she had seen a similar thing happen while working in a grocery store, and that it would take 30 minutes to an hour for this kind of juice to dry in this way—has established enough to warrant him a trial on the merits of his case; and we think he has established enough evidence to defeat appellant's attempt to change jurisdiction by virtue of its plea of privilege. We do not believe this finding is in conflict with any of the Texas cases.

Appellant's points are therefore overruled, and the judgment of the trial court is in all things affirmed.