Winnie **FRANKLIN**, Appellant,

v.

**SAFEWAY STORES, INC.**, Appellee.

No. 18241.

Court of Civil Appeals of Texas, Dallas.

Dec. 6, 1973.

Rehearing Denied Jan. 3, 1974.

William A. Barber, Jr., Wright & Barber, Grand Prairie, for appellant.

John A. Mackintosh, Jr., Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

This is an appeal from a take nothing judgment, rendered *non obstante veredicto*, in a slip and fall case.

Winnie Franklin sued Safeway Stores, Inc., alleging that while shopping at a Safeway Store located in Dallas on November 3, 1971 she slipped and fell on a "nut shell and/or syrupy substance" thereby causing her to sustain personal injuries. She alleged numerous acts of negligence on the part of the defendant which she charged were proximate causes of the occurrence which resulted in her injuries. She also pled that since the materials causing her injuries were under the management and control of Safeway that such defendant was liable under the doctrine of *res ipsa loquitur*.

The case was tried before the court and a jury. In response to special issues submitted by the court the jury found (1) that at the time and on the occasion in question there was a syrupy substance located on the floor of defendant's premises; (2) that Winnie Franklin slipped and fell on the syrupy substance; (3) that the syrupy substance had been on defendant's floor for such a length of time that it would have been discovered in the exercise of ordinary care by defendant's agents, servants and employees; and (4) such failure to discover the syrupy substance was a proximate cause of plaintiff slipping and falling. The jury also found various amounts of damages sustained by Winnie Franklin. Following receipt of the verdict Safeway Stores, Inc. filed its motion for judgment *non obstante veredicto* on the grounds that there was no evidence to support either the submission or the answers of the jury to special issues 2, 3 and 4, and also the damage issues. The trial court sustained this motion and rendered judgment that Winnie Franklin take nothing.

■ In her sole point on appeal appellant charges that the court erred in disregarding the verdict of the jury and rendering judgment *non obstante veredicto* for the appellee. Appellee challenges the sufficiency of this point as being too general and not in compliance with briefing rules. We overrule appellee's counterpoint. While the point presented is obviously general, multifarious and global in nature, yet when we examine the statement, argument and authorities under this point, it becomes obvious that she presents two contentions supporting her claim for reversal: (1) that there is evidence of probative force to support the jury's answers to the vital issues submitted relating to the liability of appellee so that the judgment rendered *non obstante veredicto* is not proper; and (2) that appellant should have judgment based upon the verdict of the jury under the doctrine of *res ipsa loquitur*. This court has consistently held that even though the point of error presented may be broad and general we will consider the same if an examination of the statement, authorities and argument contained in the brief, demonstrates the real thrust of the effort to bring about reversal.

The primary question presented is whether the trial court was legally justified in disregarding the answers of the jury to the special issues submitted and in rendering judgment *non obstante veredicto* pursuant to Texas Rules of Civil Procedure, rule 301. It is of course elementary that in order to sustain the action of the trial court in granting a judgment *non obstante veredicto* it must be determined that there is no evidence of probative force upon which the jury could have made the findings relied upon by appellant. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952); Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958). The point presented is one of "no evidence" and our determination of the question is governed by the well established rule that an issue of fact is raised if discarding all adverse evidence, and giving credit to all evidence favorable to the party opposing the motion for judgment *non obstante veredicto,* and indulging every legitimate conclusion favorable to that party which might have been drawn from the facts proved, a jury might have found in favor of that party. Burt v. Lochausen, *supra*; Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682 (1955); Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547 (1962).

Both appellant and appellee are in agreement as to the basic law applicable to the facts of this case. In a slip and fall case involving foreign substance a plaintiff must establish by evidence of probative force: (1) that the defendant put the foreign substance on the floor, or (2) that the defendant knew the foreign substance was on the floor and negligently failed to remove it, or (3) that the foreign substance was upon the floor for such a period of time that it would have been discovered and removed by the defendant had the defendant exercised ordinary care. Great Atlantic & Pacific Tea Co. v. Giles, 354 S.W.2d 410 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.), and cases therein cited. We therefore turn to the record to ascertain if there is any evidence of probative force to support the jury's answers to the issues concerning liability in this case.

Appellant Winnie Franklin was the only witness who testified concerning the fall. She said that she went into the Safeway Store to purchase some hamburger buns, ground meat and detergent. After obtaining the meat and buns and placing them in a cart she moved to the detergent display in order to buy the soap. After reaching the counter where the detergent was displayed she said she stepped over with her left foot and reached out for the object she intended to buy. At that time her feet skidded from under her and she fell to the floor landing flat on her back. She became dizzy and "kind of woozy" and attempted to get to her feet. When she reached for the basket her head began to "spin" and she fell again, hitting her head on the shelf. After a period of time she got up again. She was asked if she saw anything on the floor where she had fallen and she replied by saying that it was "a dry, syrupy looking chocolate sticky surface of something." She also said that there were some pecan hulls scattered around. Upon examination she found something that looked like chocolate on her slacks which she was wearing at the time. She also found the same substance on the bottom of her shoes. She said that prior to her fall she had not seen anything on the floor. She conceded that she really did not know whether she slipped on the nut hulls or upon the syrupy substance. She also admitted that she had no knowledge how long either of the substances had been on the floor prior to the time she fell. She went to the checkout counter and reported the fall to the manager of the store who carried her groceries to the car for her.

Appellee Safeway Stores, as the owner of the premises here involved, was not an insurer of the safety of appellant Franklin, a business invitee. McElhenny v. Thielepape, 155 Tex. 319, 285 S.W.2d 940 (1956). Its duty to the invitee is to exercise ordinary care to keep the premises in a reasonably safe condition. J. Weingarten, Inc. v. Razey, 426 S.W.2d 538 (Tex.1968). Of course the burden of proof is upon the appellant Franklin to introduce testimony of probative force establishing negligence on the part of the appellee Safeway Stores, Inc. The mere happening of the event does not, of itself, imply negligence. The mere presence of some foreign substance on the floor is insufficient to warrant an inference that the storekeeper placed or left it there or had knowledge of its presence or that it had been there long enough to enable the storekeeper to discover and correct it by the exercise of ordinary care. Great Atlantic & Pacific Tea Co. v. Giles, 354 S.W.2d 410 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.); Dill v. Holt's Sporting Goods Store, 323 S.W.2d 644 (Tex.Civ.App.—Houston 1959). While the evidence is uncontroverted that there were two substances on the floor either of which could presumably have caused appellant Franklin to slip and fall, appellant did not see what she slipped on prior to the time she fell to the floor the first time. She said she did not know whether she slipped on a nut hull or the syrupy substance. There is no evidence in this record as to the size, shape, quality or quantity of either the nut hulls or the syr-

upy substance on the floor. From this evidence it is reasonable to infer that Mrs. Franklin could have slipped on either the nut hulls or the syrupy substance. However, there is no evidence in this record as to how long either the nut hulls or the syrupy substance had been on the floor prior to the time she fell. The record is devoid of any testimony whatsoever that the thing that caused Mrs. Franklin to fall had been on the floor a sufficient length of time to give the appellee store, or its agents and servants, sufficient time to discover the same and remove it.

Appellant acknowledges the lack of direct evidence concerning this vital fact necessary to be established in order to recover in a case of this kind but seeks to stand upon what she calls an inference to be drawn from her testimony that she slipped upon a "dry syrupy looking substance." She argues that her reference to the substance as being "dry" raises the inference that it had been on the floor for some time before she slipped and fell. Contending that such inference is sufficient to support the jury's answers, especially in answer to special issue No. 3, appellant relies upon the opinion in Furr's, Inc. v. Bolton, 333 S.W.2d 688 (Tex.Civ.App.—El Paso 1960, no writ). We cannot agree that this case controls the decision of the question presented by the record in this case. In *Bolton* the plaintiff slipped and fell on the floor of the store. After she fell she observed some grapes that had been mashed and turned dark and also some liquid on the floor, apparently grape juice which was "clear-looking and had dried some around the edges." She also testified that she had formerly worked in a grocery store and knew the kind and type of crate used for grapes, and also that she had observed that leaving cartons of seedless grapes on the floor would cause the juice to seep out and some of the grapes to fall out. She testified that it took about thirty minutes to an hour for the juice to dry around the edge when it was on the floor. The court concluded that such testimony was sufficient to support the submission of the question to the jury, and the jury's answer thereto, concerning the length of time the foreign substance remained on the floor prior to the accident. However, in the instant case appellant testified that following her fall she observed a "dry syrupy substance" on the floor as well as on her clothing and shoes. The term "dry syrupy" is an apparent contradiction in terms. Unlike *Bolton* Mrs. Franklin did not attempt to testify as an expert as to how long it would take the syrupy substance to become "dry." The undisputed facts of the instant case fall clearly within a distinction recognized in *Bolton*—that the substance may have already been dry when placed upon the floor. *Id.*, at 690.

When we consider appellant's testimony in its most favorable light it does nothing more than raise a suspicion or surmise, and amounts to no more than a mere scintilla of evidence which has long been held to be insufficient to raise an issue of fact. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059 (1898); Great Atlantic & Pacific Tea Co. v. Giles, 354 S.W.2d 410 (Tex.Civ.App. —Dallas 1962, writ ref'd n. r. e.); J. Weingarten, Inc. v. Tyra, 381 S.W.2d 215 (Tex.Civ.App.—Tyler 1964, no writ); and J. Weingarten, Inc. v. Bradshaw, 438 S. W.2d 435 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n. r. e.).

Since there is no evidence of probative force to support the jury's answers to special issues 3 and 4 the trial court correctly disregarded the answers of the jury to these issues and rendered judgment for appellee.

We cannot agree with appellant that the doctrine of *res ipsa loquitur* permits the rendition of judgment for appellant. While it would not be proper to state categorically that *res ipsa loquitur* never applies to a "slip and fall" case the very nature of such an action is such that generally the doctrine would not be applicable. Annotation, 62 A.L.R.2d 57 § 9; Fort Worth & D. C. Ry. Co. v. Hambright, 130

**518**

S.W.2d 436, 439 (Tex.Civ.App.—Amarillo 1939, writ dism'd, cor. jdgmt.). Of course, the two classic tests for applying the doctrine of *res ipsa loquitur* are: (1) that the instrumentality causing the plaintiff's injury is under the defendant's management and control; and (2) that the injury does not ordinarily occur in the absence of negligence. Owen v. Brown, 447 S.W.2d 883, 886 (Tex.1969). The supreme court in *Owen* pointed out that the defendant must be shown to have been in a better position than the plaintiff to foresee and avert the danger in order for the doctrine of *res ipsa loquitur* to apply. When we apply this rationale to the ordinary "slip and fall" case the nonapplicability of the doctrine becomes obvious. As stated above the cases are uniform in holding that one of the essential elements which must be proved by the plaintiff in order to recover is that the substance causing the injury must have been shown to have been on the floor a sufficient length of time so that the defendant, or its agents and servants, would have a reasonable opportunity to ascertain the same and remove it. Of course, this also involves the question of exclusive control of the instrumentality causing the damage. Here again, the burden is cast upon the plaintiff to show that the defendant store owner either placed the offending substance on the floor or permitted the same to remain thereon.

 The cases are uniform in holding that in a "slip and fall" case the mere happening of the event does not imply negligence. It becomes the burden of the plaintiff in these cases to allege and prove specific acts of negligence rather than to rely upon the doctrine of *res ipsa loquitur*. Certainly under the established facts in this record we find no support for the contention that the doctrine would be applicable. In fact, the trial court did not submit the case to the jury on the theory of *res ipsa loquitur*. Appellant made no objection to the charge nor did she specifically request the submission of any issue relating to the *res ipsa loquitur theory*. Tex.R. Civ.P. 279.

Finding no reversible error reflected in this record we affirm the judgment of the trial court.

Affirmed.

GUITTARD, J., not sitting.