**KROGER STORES, INC., Appellant,**

v.

**Henry HERNANDEZ, Appellee.**

**No. 19120.**

Court of Civil Appeals of Texas, Dallas.

March 3, 1977.

William T. Hankinson, Thompson, Knight, Simmons & Bullion, Dallas, for appellant.

David Alexander, Dallas, for appellee.

GUITTARD, Chief Justice.

In this slip-and-fall case, judgment was rendered on a verdict for plaintiff. Defendant appeals on the ground that the evidence was both legally and factually insufficient to support the jury's finding that the foreign substance on which plaintiff slipped had been on defendant's floor for such a length of time that it should have been discovered. We hold that the evidence was sufficient and, accordingly, we affirm the judgment.

The only evidence bearing on the issue of how long the substance had been on the floor is the testimony of plaintiff. He testified that he entered defendant's store as a customer and that he fell as he was walking down an aisle. After he fell, he saw on the floor, and also on his shoes and clothing, a substance which he recognized as vomit. When asked to describe its appearance, he said, "Well, it was already dried where it looks like cake. It wasn't just where you could rub your hands on it and it would splash all over you. It was just drying." He said that it had wheel tracks through it that extended "a little bit past" where it was on the floor. On cross-examination, plaintiff could give no estimate as to how long the substance had been on the floor except that it was "more than two or three minutes."

Defendant's manager testified that the practice of the store was to sweep the floor twice before noon and twice after noon and to clean up spills and breakage as soon as discovered. He said that on the occasion in question he received no report of anything on the floor until plaintiff pointed it out to him, and then he ordered one of the employees to clean it up immediately.

On this appeal defendant argues that the evidence shows only that the substance had been on the floor "more than two or three

minutes," which is too short a period to establish that a reasonable shopkeeper should have realized its presence and cleaned it up. We do not think that the jury's consideration is confined to this estimate of the time. More significant is plaintiff's description of the substance as "already dried where it looks like cake." No expert testimony was produced to estimate how long a period would be required for the substance to reach this condition, but we conclude that the jury was properly allowed to make its own estimate, based on its general experience and plaintiff's description of what he saw.

 Moreover, plaintiff's description of the substance stands uncontradicted, even though defendant's manager admitted that plaintiff pointed it out to him and he then ordered that it be cleaned up. Although the manager must have seen the substance, he was not asked to describe its condition. Failure to produce evidence within a party's control raises a presumption that it would be adverse. *H. E. Butt Grocery Co. v. Bruner*, 530 S.W.2d 340, 343 (Tex.Civ.App. —Waco 1975, no writ).

◼ We conclude that the case is analogous to *Furr's, Inc. v. Bolton*, 333 S.W.2d 688, 690 (Tex.Civ.App.—El Paso 1960, no writ), where the substance on the floor was grape juice, which was said to be "dry around the edge." The court observed that it could not have dried around the edge before falling on the floor. In this respect the present case is distinguishable from *Franklin v. Safeway Stores, Inc.*, 504 S.W.2d 514, 517 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.), where the evidence concerned a "dry syrupy substance," which, the court said, might have already been dry when placed on the floor.

We recognize that in *Franklin* the court distinguish *Bolton* on the further ground that in *Bolton* the plaintiff undertook to qualify herself as an expert and expressed her opinion that the grape juice had been on the floor for half an hour to an hour. However, we do not think that an estimate of the time by an expert witness is essential. Our question is whether reasonable minds could draw the inference that regurgitated food which was "already dried where it looks like cake" had been on the floor for a sufficient length of time that it should have been discovered and removed. We conclude that reasonable minds could draw this inference. Consequently, we hold that the evidence was sufficient, both legally and factually, to support the jury's finding.

Affirmed.

ROBERTSON, J., not participating.