**Gladys E. STOCKTON, Appellant,**

v.

**The KROGER COMPANY, Appellee.**

**No. 19324.**

Court of Civil Appeals of Texas, Dallas.

Oct. 31, 1977.

Alfred W. Ellis, Woodruff & Ellis, Dallas, for appellant.

John H. Martin, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

ROBERTSON, Justice.

Gladys E. Stockton sued the Kroger Company to recover for injuries suffered when she slipped and fell upon entering a Kroger store in Richardson, Texas. She alleged that Kroger was negligent in failing to remove water from the floor, failing to warn her of the danger, failing to inspect, and in failing to maintain the premises in a reasonably safe condition. The case was tried to a jury, and at the close of plaintiff's evidence, the trial court granted Kroger's motion for instructed verdict and entered a take-nothing judgment against Mrs. Stockton. We affirm.

■ The sole question on this appeal is whether there was evidence to support submission of the issues of negligence to the jury. An instructed verdict is proper only if there is no evidence to support the submission of a necessary issue, and on appeal, the appellate court must indulge every inference that may be properly drawn from the evidence against the action of the trial court. *Echols v. Wells*, 510 S.W.2d 916 (Tex.1974); *Seideneck v. Cal Bayreauther Associates*, 451 S.W.2d 752 (Tex.1970); *Anderson v. Moore*, 448 S.W.2d 105 (Tex.1969). To avoid a directed verdict in a slip and fall case, the plaintiff must introduce some evidence of the following elements:

(1) That there was a foreign substance on the floor where the slip occurred;

(2) That the defendant placed the foreign substance on the floor; or

(3) That the defendant knew that the foreign substance was on the floor and willfully or negligently failed to remove it; or

(4) That the foreign substance had been on the floor for such a length of time that it should have been discovered and removed by the defendant in the exercise of ordinary care.

*Newton v. General Manager of Scurlock's Supermarket*, 546 S.W.2d 76, 78 (Tex.Civ. App.—Corpus Christi 1976, no writ); *Franklin v. Safeway Stores, Inc.*, 504 S.W.2d 514, 516 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.); *Great Atlantic & Pacific Tea Co. v. Giles*, 354 S.W.2d 410 (Tex.Civ. App.—Dallas 1962, writ ref'd n. r. e.)

■ Indulging all evidentiary inferences against the directed verdict, we nevertheless conclude that there is no evidence of any negligence by Kroger. Even assuming the existence of some foreign substance on the floor which caused the slip and fall, Mrs. Stockton still had the burden to show that Kroger was somehow responsible for the presence of the substance on the floor at the time of the accident. *Franklin v. Safeway Stores, Inc.*, supra at 516–17. There is no evidence in this case that Kroger employees placed the substance on the floor, or that they had actual knowledge of its presence. Neither is there any proof that the substance had been on the floor for such a length of time that it should have been discovered in the exercise of ordinary care. At best, the evidence in this case only shows that the accident occurred some thirty minutes after a heavy rain, while it was still "misty" and that some water may have been tracked in by shopping carts. Although the store manager testified that there may have been some dampness "around the doors" earlier in the day, he stated that this had been mopped up. To avoid accidents, he had furnished a carpet for the customers to dry their feet upon entry, and had instructed the package boys to mop regularly. In the absence of contrary evidence, there is no reason to believe that any substance on the floor would not have been promptly discovered and mopped in the exercise of ordinary care. Cf. *Kroger Store, Inc. v. Hernandez*, 549 S.W.2d 16 (Tex.Civ.App.—Dallas 1977, no writ) (description of substance as "already dried where it looks like cake" presented fact issue for jury determination); *Furr's Inc. v. Bolton*, 333 S.W.2d 688 (Tex.Civ.App.—El

Paso 1960, no writ) (testimony that grape juice on the floor was "clear looking and had dried some around the edges" and that it took around thirty minutes to an hour to reach a condition held sufficient to raise fact issue for jury.) Since we have concluded that there was no evidence that the substance remained on the floor for an unreasonable length of time, we hold that the Kroger's motion for directed verdict was properly granted.