**Dolores ROBLEDO, Appellant,**

v.

**The KROGER COMPANY, Appellee.**

**No. 5418.**

Court of Civil Appeals of Texas,
Eastland.

April 3, 1980.

Rehearing Denied April 24, 1980.

William H. Berry, Jr., Corpus Christi, for appellant.

Abraham Moss, Law Offices of Guy H. Allison, Corpus Christi, for appellee.

McCLOUD, Chief Justice.

Dolores Robledo sued the Kroger Company seeking damages for injuries sustained when she slipped on a foreign substance in a Kroger Store. The trial court entered judgment for Kroger notwithstanding a jury verdict in favor of Robledo. Plaintiff appeals. We affirm.

■ To recover, plaintiff must prove that defendant put the foreign substance on the floor; or knew that it was on the floor and negligently failed to remove it; or that the foreign substance was on the floor so long that it should have been discovered and removed in the exercise of ordinary care. *Sherwood v. Medical & Surgical Group, Inc.*, 334 S.W.2d 520 (Tex.Civ.App.-Waco 1960, writ ref'd). Plaintiff concedes there is no evidence that defendant put the foreign substance on the floor or knew that it was there. She argues, however, the jury could properly infer from circumstantial evidence that the substance, water, had been on the floor a sufficient period of time to have been discovered and removed. Defendant urges that there is no evidence to support the jury finding that the substance was on the floor long enough to charge Kroger with constructive notice of its presence. We agree with defendant.

Plaintiff testified that she entered the store on a dry sunny day and almost immediately slipped and fell in an area of dirty water. Brigidio Perez III testified that he saw plaintiff slip and fall in a puddle of dirty water, measuring three feet by three feet. There was testimony that cart tracks were visible in the water. Plaintiff's witnesses admitted that they did not know how long the water had been there.

There is no evidence from which the jury could infer how long the water had been on the floor. *H. E. Butt Grocery Co. v. Pena*, 592 S.W.2d 956 (Tex.Civ.App.-Austin 1980, no writ); *Kimbell, Inc. v. Blount*, 562 S.W.2d 10 (Tex.Civ.App.-Austin 1978, no writ); *Sherwood v. Medical & Surgical Group, Inc.*, supra.

In *Kimbell, Inc. v. Roberson,* 570 S.W.2d 587 (Tex.Civ.App.-Tyler 1978, no writ), the court said:

Plaintiff argues that his testimony showing that 2 or 3 other grocery carts had made tracks through the substance constitutes some evidence tending to show the substance had been on the floor for a length of time sufficient to give defendant constructive notice and demonstrates that it had been there for a sufficient length of time to have been discovered and removed by the exercise of ordinary care. We do not agree. It is just as likely that the tracks were made by customers traversing the aisle only minutes or even seconds before plaintiff's fall. We fail to see how the mere presence of grocery cart tracks, standing alone, would constitute competent evidence tending to show the length of time a food item has been on the floor. See *Kimbell, Inc. v. Blount,* 562 S.W.2d 10 (Tex.Civ.App.-Austin 1978, no writ history); *Furr's Supermarkets, Inc. v. Arellano,* 492 S.W.2d 727 (Tex.Civ.App.-El Paso 1973, writ ref'd n.r. e.).

Plaintiff relies on several cases which are distinguishable. In *Rosas v. Buddies Food Store,* 518 S.W.2d 534 (Tex.1975) and *H. E. Butt Grocery Company v. Lucille Hawkins,* 594 S.W.2d 187 (Tex.Civ.App.-Corpus Christi, 1979), the incidents occurred on rainy days when the defendants were well aware that water was being blown and tracked into their stores.

In *H. E. Butt Grocery Co. v. Heaton,* 547 S.W.2d 75 (Tex.Civ.App.-Waco 1977, no writ), there was evidence that grapes were smashed and spread out on the floor. They were drying out and the same layer of dirt covering the floor also covered the grapes. The court held this was sufficient under Tex.Rev.Civ.Stat.Ann. art. 1995, § 9a to maintain suit in the county where the act occurred. There is no comparable evidence in this case.

In *J. Weingarten, Inc. v. Tripplett,* 530 S.W.2d 653 (Tex.Civ.App.-Beaumont 1975, writ ref'd n.r.e.), plaintiff presented a "water evaporation specialist" who testi-

fied, on the basis of a hypothetical question, that the foreign substance had been on the floor 28.8 minutes. There is no comparable evidence in this case.

 Plaintiff urges that the trial court erred in sustaining defendant's objection to witness Perez's statement that the water "had been there for some time." This was not error. The evidence shows that Perez entered the store after the plaintiff and had no actual knowledge as to how long the water had been on the floor. His mere conclusion would not have been evidence of probative force. *Kimbell, Inc. v. Roberson,* supra.

In view of our holding, it is not necessary to consider plaintiff's other points of error.

The judgment of the trial court is affirmed.