Alice and Lloyd KOFAHL, Appellants,

v.

RANDALL'S FOOD & DRUGS, INC., formerly d/b/a Tom Thumb Food & Drugs, Appellee.

No. 10–02–00053–CV.

Court of Appeals of Texas, Waco.

Oct. 27, 2004.

Keith R. Verges, Figari, Davenport & Graves, L.L.P., Dallas, for appellants.

Lance C. Travis, Jeffrey W. Shell, Burford & Ryburn, L.L.P., Dallas, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Alice and Lloyd Kofahl filed this slip-and-fall case against Randall's Food & Drugs, formerly dba Tom Thumb Food & Drugs, after Alice slipped in an unidentified liquid on the grocery's floor, fell, and broke her hip. The trial court granted Randall's no-evidence summary judgment motion which alleges that the Kofahls can produce no evidence that Randall's had actual or constructive knowledge of the spilled liquid.

The Kofahls contend in four issues that the court erred by granting the summary judgment because: (1) Randall's can be held liable under "the *Corbin* rule" due to inadequate safety policies and procedures regardless of whether it had actual or constructive knowledge of the spill; (2) Randall's "created unreasonably dangerous premises" by failing to have adequate policies and procedures; (3) they presented more than a scintilla of evidence that the spill had been on the floor long enough to charge Randall's with constructive knowledge; and (4) they should not be required to prove actual or constructive knowledge under the facts of this case. The Kofahls contend in an additional issue that the court should have permitted further discovery regarding Randall's policies and procedures.

Randall's contends in a cross-issue that, regardless of the merits of Alice's claim, the judgment must be affirmed as to Lloyd because the Kofahls have not presented a separate issue challenging the judgment with respect to Lloyd's claim.

Because the Kofahls presented more than a scintilla of evidence that the liquid had been on the floor long enough to give Randall's constructive knowledge of its presence and because Randall's did not present an "independent ground" for summary judgment on Lloyd's claim, we will reverse and remand.

## CONSTRUCTIVE KNOWLEDGE

The Kofahls contend in their third issue that they presented more than a scintilla of evidence that the liquid had been on the floor long enough to charge Randall's with constructive knowledge of its presence. Under settled premises liability law, if the premises owner did not place the substance in question on the floor and did not have actual knowledge of its presence, the plaintiff must establish

that "it is more likely than not that [the substance was on the floor] long enough to give the premises owner a reasonable opportunity to discover it." *Wal–Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex.2002).

Alice provided deposition testimony that the edges of the "large" puddle of liquid she slipped in were "very tacky and gummy" as if the puddle was "starting to dry up." Although our research has not disclosed any recent cases addressing this type of evidence, it has been held that this type of testimony will support a finding that a liquid on the floor has been there for a sufficient length of time to charge the premises owner with constructive knowledge of its presence.[1] *See Kroger Stores, Inc. v. Hernandez*, 549 S.W.2d 16, 16–17 (Tex.Civ.App.-Dallas 1977, no writ); *Furr's, Inc. v. McCaslin*, 335 S.W.2d 284, 286–87 (Tex.Civ.App.-El Paso 1960, no writ); *Furr's, Inc. v. Bolton*, 333 S.W.2d 688, 689–90 (Tex.Civ.App.-El Paso 1960, no writ). Even those these decisions are not recent, more recent decisions of the Supreme Court seem to affirm their continuing validity. *See e.g. Reece*, 81 S.W.3d at 817 (affirming judgment in part because there was no "evidence concerning the condition of the spilled liquid that might indicate how long it had been there"); *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 937 (Tex.1998) (affirming judgment in part because there was no evidence "that the dirt on the macaroni salad had dried, suggesting that it had been there for a prolonged period of time").

Randall's cites a number of cases to support its contention that Alice's testimony constitutes no more than a mere scintilla of evidence to establish constructive knowledge. *See Richardson v. Wal–Mart Stores, Inc.*, 963 S.W.2d 162 (Tex.App.-Texarkana 1998, no pet.); *Safeway Stores, Inc. v. Harkless*, 601 S.W.2d 534 (Tex.Civ.App.-Tyler 1980, writ ref'd n.r.e.); *Robledo v. Kroger Co.*, 597 S.W.2d 560 (Tex.Civ.App.-Eastland 1980, writ ref'd n.r.e.); *Franklin v. Safeway Stores, Inc.*, 504 S.W.2d 514 (Tex.Civ.App.-Dallas 1973, writ ref'd n.r.e.); *Furr's Supermarkets, Inc. v. Arellano*, 492 S.W.2d 727 (Tex.Civ.App.-El Paso 1973, writ ref'd n.r.e.).

Unlike the Kofahls, the plaintiffs in most of the cases cited by Randall's presented evidence of a liquid on the floor but failed to present any evidence that the liquid had begun to dry. *See Richardson*, 963 S.W.2d at 164–65 & n. 1; *Harkless*, 601 S.W.2d at 537–38; *Robledo*, 597 S.W.2d at 560. In some of the cases cited, the plaintiffs presented evidence that the liquid was dirty or had shopping cart tracks running through it. *See Harkless*, 601 S.W.2d at 537–38; *Robledo*, 597 S.W.2d at 560. However, this type of evidence has consistently been considered inadequate to establish constructive knowledge. *See Gonzalez*, 968 S.W.2d at 937; *Harkless*, 601 S.W.2d at 537–38; *Robledo*, 597 S.W.2d at 560–61.

In *Franklin*, the plaintiff testified that she slipped in a "dry syrupy looking substance." 504 S.W.2d at 517. The court concluded that this testimony was inadequate to establish constructive knowledge because it did not account for the fact that the substance may have been "dry" and "syrupy" when it spilled. *Id.* (citing *Bolton*, 333 S.W.2d at 690). Here however, Alice testified that the liquid in which she slipped and fell was drying around the edges, not that it was the same consistency throughout. *See Bolton*, 333 S.W.2d at 690.

---

1. Notably, our research has disclosed no cases (recent or otherwise) concluding that such evidence is inadequate to show constructive knowledge.

For the foregoing reasons, we conclude that the authorities relied on by Randall's do not apply to the facts of this case. Thus, we hold that the Kofahls presented more than a scintilla of evidence to show constructive knowledge. *See Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex.2003) (nonmovant must produce more than a scintilla of evidence to defeat no-evidence summary judgment motion).

Accordingly, we sustain the Kofahls' third issue.

## BECAUSE RANDALL'S DID NOT ASSERT AN "INDEPENDENT GROUND" FOR SUMMARY JUDGMENT ON LLOYD'S CLAIM, WE WILL REVERSE THE JUDGMENT ON LLOYD'S CLAIM AS WELL

Randall's contends in its sole cross-issue that, notwithstanding our disposition of the Kofahls' third issue, we must affirm the judgment as to Lloyd's claim for loss of consortium because the Kofahls have not presented a separate issue on appeal challenging "the summary judgment ground addressed to [Lloyd's] claims."

■■■ "[W]hen an appellant does not properly challenge each independent ground asserted for summary judgment as to a claim, the claim will be affirmed." *City of Glenn Heights v. Sheffield Dev. Co.*, 55 S.W.3d 158, 163 (Tex.App.-Dallas 2001, pet. denied); *accord Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 493 (Tex.App.-Fort Worth 2002, no pet.).

Randall's summary judgment motion states:

> Defendant moves for summary judgment on the ground that there is no evidence of an essential element of Plaintiff Alice Kofahl's negligence claim on which she will have the burden of proof at trial. Specifically, there is no evidence regarding whether Defendant knew or should have known of a premises condition which posed an unreasonable risk of harm to Mrs. Kofahl. Therefore, Defendant is entitled to judgment as a matter of law on this claim. Defendant further moves for summary judgment on Plaintiff Lloyd Kofahl's loss of consortium claim on the ground that such claim is wholly derivative of his wife's claim. Because her claim must fail as a matter of law, Mr. Kofahl's claim must likewise fail.

From this quoted excerpt, it is apparent that Randall's ground for summary judgment as to Lloyd's claim depends entirely on a favorable finding on its ground for summary judgment on the issue of constructive knowledge. Therefore, it cannot be properly characterized as an "independent ground" for summary judgment. *Cf. Wrenn*, 73 S.W.3d at 493; *City of Glenn Heights*, 55 S.W.3d at 163. Accordingly, we overrule Randall's sole cross-issue.

Because of our disposition of these issues, we need not address the remainder of the issues presented. We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

This is a slip and fall case.

Based upon *Wal–Mart Stores v. Gonzalez*, 968 S.W.2d 934, 937–938 (Tex.1998), I would hold that the meager statements describing the liquid in which Alice Kofahl allegedly slipped are no evidence to support constructive notice of its presence on the floor.

Lloyd Kofahl filed a joint notice of appeal with his wife, Alice. The judgment as to Lloyd, however, was not attacked in any

manner on appeal, and, therefore, the appeal as to that portion of the judgment should be affirmed.

For the foregoing reasons, the judgment of the trial court should be affirmed. Because the Court reverses the judgment in part, I respectfully dissent.