**Opinion issued March 6, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00575-CV

_____

**LINDA JENKINS, Appellant**

**V.**

**ARLAN'S MARKET, INC., D/B/A ARLAN'S MARKET, Appellee**

---

**On Appeal from the County Court at Law No. 2**
**Galveston County, Texas**
**Trial Court Case No. CV-0067424**

---

## MEMORANDUM OPINION

In this slip–and–fall lawsuit, Linda Jenkins has sued Arlan's Market, Inc. for personal injuries that she sustained when she slipped on a gel substance and fell, while shopping at the market. The trial court granted the market's no–evidence motion for summary judgment. On appeal, Jenkins contends that the trial court

erred in granting summary judgment, because she raised sufficient evidence to support a finding that the market's employees had actual or constructive notice of a dangerous condition on the premises. Finding no error, we affirm.

## Background

In August 2010, while grocery shopping, Jenkins slipped and fell on a gel that had leaked onto the floor. The gel had leaked from a bottle in a "reduced item" basket on one of the market's aisles. Jenkins averred that the puddle of gel was "fairly large[,]" moistening a "pretty wide portion of the back of [her] pants" as well as the bottom of her shoes. Jenkins also averred that the gel was dripping at a "steady rate" from the basket.

## Discussion

Relying on her affidavit, Jenkins contends that she presented sufficient evidence to support a finding that Arlan's Market had actual or constructive notice of a dangerous condition on its premises.

### Standard of Review

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). When reviewing a summary judgment, we view the evidence in a light favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citing *Provident Life & Accid. Ins. Co.*

2

*v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). In a no–evidence motion for summary judgment, the movant asserts that no evidence supports an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each challenged element. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn*, 321 S.W.3d at 524.

*Analysis*

Arlan's Market owed Jenkins, its business invitee, a duty to exercise reasonable care to protect her from dangerous conditions on its premises that were known or reasonably discoverable; it was not, however, an insurer of her safety. *See Wal–Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). To prevail at trial, Jenkins had to show, among other elements, that Arlan's Market had actual or constructive notice of the spill. *See Reece*, 81 S.W.3d at 814. To satisfy the notice element, Jenkins must establish that (1) Arlan's Market placed the substance on the floor; (2) Arlan's Market actually knew the substance was on the floor; or (3) it is more likely than not that the condition existed long enough to give Arlan's Market a reasonable opportunity to discover it. *See id.*

3

Jenkins contends that Arlan's Market created the dangerous condition because one of its employees had placed the leaky bottle of gel in a basket. The evidence suggests that Arlan's Market created an antecedent situation that produced a dangerous condition; however, it does not suggest that the market created the dangerous condition itself. *See Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 409 (Tex. 2006) (holding that dispenser that leaked ice onto floor was not dangerous condition but that ice on floor was dangerous condition); *City of San Antonio v. Rodriguez*, 931 S.W.2d 535, 536 (Tex. 1996) (holding that leaky roof was not dangerous condition but that water on floor was dangerous condition). Jenkins proffers no evidence to support a finding that Arlan's Market placed the gel on the floor. The record also raises no evidence that a market employee actually knew about the gel puddle.

But Jenkins further contends that the record supports a finding that Arlan's Market had constructive notice of the puddle, given its "fairly large" size and the "steady rate" at which the gel was dripping from the bottle. Jenkins relies on *Kofahl v. Randall's Food & Drugs, Inc.*, 151 S.W.3d 679 (Tex. App.—Waco 2004, pet. denied). In *Kofahl*, the plaintiff testified that the edges of the "large" puddle of liquid that she had slipped in were "very tacky and gummy," as if the puddle was "starting to dry up." *Id.* at 681. The Waco Court of Appeals held that the

4

plaintiff had adduced sufficient evidence of constructive notice to overcome summary judgment. *Id.* at 682.

In *Gonzalez*, however, the Texas Supreme Court held that a similar level of circumstantial evidence was not legally sufficient to show constructive notice. 968 S.W.2d at 938. There, the plaintiff proffered evidence that the macaroni that she had slipped in was contaminated with "a lot of dirt" and had footprints and shopping cart track marks in it. *Id.* at 936. The court held that, although the plaintiff had proven that the macaroni *possibly* could have been on the floor long enough to charge the defendant with constructive notice, the plaintiff had not shown that it was *more likely than not* that the macaroni had been there for a long time. *Id.* at 938. The court explained its reasoning: "That evidence can no more support the inference that it accumulated dirt over a long period of time than it can support the opposite inference that the macaroni had just been dropped on the floor and was quickly contaminated by customers and carts traversing the aisle." *Id.* at 937.

Similarly, Jenkins' statements support an inference that the gel possibly was on the floor long enough to charge Arlan's Market with constructive notice. But she has failed to show that it was more likely than not that the gel had been there a long time. The observation that the gel dripped at a "steady" rate at the time of the accident could equally suggest the possibility that the spill had been on the floor

5

for a short time. The record contains no evidence to indicate which circumstance is more likely—long or short. When circumstances are consistent with any possibility, and nothing shows that one is more probable than the other, no fact can be inferred. *Wright v. Wal–Mart Stores, Inc.*, 73 S.W.3d 552, 555 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *Lozano v. Lozano*, 52 S.W.3d 141, 148 (Tex. 2001) (Phillips, C.J., concurring, joined by four justices)). Accordingly, we hold that the trial court properly granted summary judgment. *See id.* at 556 (holding that dirty condition of french fry did not demonstrate constructive notice).

## Conclusion

Because the record contains no evidence that Arlan's Market had actual or constructive notice of a dangerous condition on its premises, the trial court did not err in granting the market's no–evidence motion for summary judgment. Accordingly, we affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Brown.