**Mary Ann BOUYER, Appellant,**

v.

**BUDDIES' SUPERMARKETS, Appellee.**

**No. 18093.**

Court of Civil Appeals of Texas, Fort Worth.

April 19, 1979.

Rehearing Denied May 17, 1979.

Mikeska & Francis, and R. C. Joe Mikeska, Jr. and John R. Francis, Temple, for appellant.

Piperi, Roberts & Morris, and Frank Roberts, Killeen, for appellee.

## OPINION

MASSEY, Chief Justice.

This appeal is from a take nothing judgment based upon the trial court having instructed the jury to return a verdict for defendant in a "slip and fall case".

We affirm.

The event in question occurred in defendant Buddies Supermarkets "help yourself" grocery store, and at or near the display case where tomatoes were to be found. These tomatoes were on a display shelf which was in the form of a ramp, with the slope thereof to the outer rim. There was no evidence of the condition immediately prior to the time plaintiff Mary Ann Bouyer stepped on a tomato which was on the floor near the display. Its presence resulted in her fall and resultant injuries. Immediately following there was evidence of the state of the same. This raised as an issue to be tried by the jury the question of whether or not the defendant, through its agents, servants and employees, had negligently stacked an excessive number of tomatoes thereon and/or created negligently a state of the display so that it would be possible, perhaps even probable, that one or more tomatoes would be caused or permitted to roll off the table onto the floor. What was not raised by the evidence was the issue of proximate cause, in the essential part of such an issue bearing upon what has been termed "cause in fact". Such, together with "foreseeability", go to make up "proximate cause". Proximate cause is not raised as an issue for the jury unless both elements are shown by the evidence.

By the briefs of the parties there is no doubt but that the propriety or impropriety of the trial court's instructed verdict and judgment based thereon rests upon whether or not by plaintiff's proof of the presence of defendant's tomato upon the floor, and of the condition of tomatoes stacked on the shelf where they were displayed she had discharged the burden of proving "cause in fact".

In other words:

Did plaintiff's proof show that it was because the defendant had negligently stacked the tomatoes that her accident and injuries resulted?

The situation posed is "the next step beyond" the near-identical question decided by the Beaumont Court of Civil Appeals in *Swan v. Kroger Company*, 452 S.W.2d 793 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.). In that case there was a display case on which (as observed after plaintiff's fall) beans were negligently stacked. The question before the Beaumont court was whether that proof raised the issues of whether the super-market's negligence amounted to proximate cause of plaintiff's injuries. The evidence showed that when shoppers filled bags or containers with beans from the shelf, beans would sometimes drop to the floor, as well as the manner in which the beans were stacked. It was presence of beans on the floor which

caused or resulted in a "slip and fall" by a customer. In our case nothing is shown of anything similar likely to occur when shoppers place tomatoes in bags or containers. By the very nature of these different things shoppers would be more likely to cause beans than tomatoes to fall upon the floor where presence might occasion for injury to others.

However, dislodgement and possibilities of dislodgement of tomatoes so that they might fall on the floor are presumed to have some frequency in the event there be no evidence to the contrary. In the instant case there was not such evidence. There are many items of produce displayed in grocery stores which might become dislodged by action of patrons of the store.

In *Swan, supra*, relative to the matter of beans, the court, after conceding the manner of their display to have raised the issue of negligence, wrote: (p. 796).

"But, we find no evidence that defendant's stacking the beans too high was a cause in fact of this accident. There is nothing in the evidence which indicates the bean upon which plaintiff slipped, was on the floor because of the manner in which defendant stacked the beans."

In the case before us the plaintiff insists that her evidence, albeit circumstantial, was sufficient to establish a state of facts upon which was raised all requisite issues. Her claim is that an inference permissible to be drawn was that because the tomatoes were negligently stacked the defendant store caused or permitted a tomato to be on the floor and to cause her to "slip and fall".

In the case of *Houston E. & W. T. Ry. Co. v. Boone*, 105 Tex. 188, 191, 146 S.W. 533, 535 (1912), the court quoted with approval from Thompson's Commentaries on the Law of Negligence, vol. 6, § 7863, as follows: " '[A] verdict for negligence may be supported by inference; but *such inference must be a logical, probable, and reasonable deduction from proved or conceded facts.* Negligence cannot be a mere matter of conjecture, but must be *fairly inferable from the evidence.* This principle permits the admission of *circumstantial evidence to contradict positive and direct testimony* given by eyewitnesses. It is not incumbent upon the plaintiff, after proving an accident which implies negligence, to show the particular negligence, when from the circumstances it is not in his power to do so.' " (Of course, the author meant negligence on the part of the defendant who has been charged.)

■ In order to support a verdict in such a case the inference must be one which was fairly drawn upon evidence, upon both the issues of negligence and proximate cause, free and distinct from speculation and conjecture. In this case the defendant insists that in order to hold as plaintiff desires it would be necessary to found an inference upon an inference, something which is forbidden to be done in seeking evidence to support a judgment. We cannot comfortably identify the matter of proximate cause as an issue improper to be considered because of the inhibition against the stacking of inferences.

■ However, any evidence upon "cause in fact" (as a part of any proper proximate cause issue) must be established beyond the point of conjecture. It must show more than the possibility that it was because of the defendant's negligent arrangement of its display that the tomato in question was caused or permitted to be on the floor. If no more be shown that would be to make it necessary for the jury to speculate upon the hypothesis that its presence was not through some act of a patron of the store (in the event the special issue on proximate cause be submitted).

We agree with the trial court that, by the evidence, to submit the case would be to require that the jury guess or speculate upon "cause in fact". Such a submission has been consistently condemned and we cannot hold that the trial court erred by declining to require that the jury make the choice. *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779, 785 (1949). See also *East Texas Theatres, Inc. v. Rutledge*, 453 S.W.2d 466 (Tex.1970), discussing the "cause-in-fact element of proximate cause".

We agree that the Beaumont Court's decision in *Swan, supra*, was correct. Having so agreed we conclude there should be affirmance of the judgment in this case.

Judgment is affirmed.