**SAFEWAY STORES, INC., Appellant,**

v.

**Violet HARKLESS et vir., Appellees.**

**No. 1328.**

Court of Civil Appeals of Texas, Tyler.

June 12, 1980.

Rehearing Denied July 3, 1980.

Rex A. Nichols, Nichols, Merriman, Patterson & Allison, Longview, for appellant.

Craig Daugherty, Rex Houston, Wellborn, Houston, Bailey & Perry, Henderson, for appellees.

SUMMERS, Chief Justice.

Appellees Violet Harkless and her husband brought this suit for damages against appellant Safeway Stores, Inc. (Safeway) and Victor R. Wallesch, its store manager, for injuries sustained by appellee Violet Harkless when she slipped and fell in Safeway's grocery store in Henderson, Texas, on May 14, 1978.

Trial was had to a jury. The trial court rendered judgment against Safeway for the sum of $38,915.42 and a take-nothing judgment as to co-defendant Wallesch who was deceased prior to trial of this case.

Appellant Safeway timely made a motion for instructed verdict, a motion to disregard findings to certain questions answered by the jury, a motion for judgment notwithstanding the jury's verdict and a motion for new trial, each of which was overruled, and thereafter perfected this appeal from the adverse judgment rendered against it.

We reverse and render.

In response to special issues pertinent to this appeal, the jury made the following findings:

Question 3  There was a slippery substance on the floor of the Safeway Store at the time and place where she fell.

Question 4  That Safeway Store, through its employees, did place or permit the placing or remaining of a slippery substance on the floor of the store at the place where she fell.

Question 5(A)  In answer to this question, the jury failed to find that Safeway Store, acting by and through its employees, was negligent in placing a slippery substance on the floor.

Question 5(B)  In answer to this question, the jury failed to find that Safeway Store, acting by and through its employees, was negligent in allowing a slippery substance to be on the floor for a longer period of time than an ordinary prudent store operator would have allowed.

Question 5(C) That Safeway Store, acting by and through its employees, was negligent in failing to discover and remove the slippery substance from the floor and such negligence was a proxi-

mate cause of the occurrence in question.

Safeway predicated its appeal upon three (3) points of error. Point of error No. 1 asserts that the jury's answer to Question 4 is in fatal conflict with its answers to Questions 5(B) and 5(C) and will not support the trial court's judgment for plaintiff. In its statement, appellant also asserts that Question 4 and the jury's answer to Question 5(A) are in fatal conflict. Appellant contends that the trial court therefore erred in failing to grant defendant's motion to disregard such findings and motion for judgment notwithstanding the jury's verdict.

Appellant's second point of error asserts that the trial court erred in rendering judgment for the plaintiff-appellee based on the jury's affirmative answer to Question 5(C) because such finding is legally insufficient upon which to predicate such judgment and there is no evidence to support the jury's affirmative answer; and that the trial court should have found as a matter of law that such question should have been answered in the negative and entered judgment for the defendant-appellant notwithstanding the jury's verdict.

Finally, point of error No. 3 asserts that the trial court erred in failing to grant defendant-appellant's motion to disregard the jury's affirmative answer to Question 5(C) and enter judgment for defendant-appellant notwithstanding the jury's verdict because there was insufficient evidence to support such affirmative answer which is clearly wrong and unjust.

In its second and third points of error, appellant contends that there was "no evidence" (point 2) and "insufficient evidence" (point 3) to support the jury's affirmative answer to Question 5(C), and therefore the trial court erred (a) in refusing to grant appellant's motion to disregard the jury's answer to Question 5(C), and (b) in refusing to grant appellant's motion for judgment notwithstanding the jury's verdict. Such motions raise a "no evidence" point as opposed to an "insufficient evidence" point. Rule 301, T.R.C.P.; *Burt v. Lochausen*, 249 S.W.2d 194, 199 (Tex.1952); *Dodd v. Texas*

*Farm Products Co.*, 576 S.W.2d 812, 814–815 (Tex.1979); *Frost Nat. Bank v. Nicholas & Barrera*, 534 S.W.2d 927, 932 (Tex.Civ.App. —Tyler 1976, writ ref'd n. r. e.). Accordingly, we will consider appellant's second and third points together as "no evidence" points. *Great Atlantic and Pacific Tea Company v. Giles*, 354 S.W.2d 410, 412 (Tex. Civ.App.—Dallas 1962, writ ref'd n. r. e.); *Fox v. Boese*, 566 S.W.2d 682, 684 (Tex.Civ. App.—Houston [1st Dist.] 1978, writ ref'd n. r. e.). We shall address these points first since we consider them to be dispositive of the case.

▆ In cases of this type, sometimes referred to as "slip and fall" cases, the plaintiff must prove in order to establish liability for negligence that: (1) the defendant placed the substance on the floor; or (2) the defendant knew the substance was on the floor and willfully or negligently failed to remove it; or (3) the substance had been on the floor for such a period of time that, in the exercise of ordinary care, it should have been discovered and removed. 40 Tex. Jur.2d, Rev., Part 2, Negligence sec. 59, p. 246; *Kimbell, Inc. v. Roberson*, 570 S.W.2d 587, 589 (Tex.Civ.App.—Tyler 1978, no writ); *Great Atlantic & Pacific Tea Co. v. Giles*, 354 S.W.2d 410, 412 (Tex.Civ.App.— Dallas 1962, writ ref'd n. r. e.); *H. E. Butt Grocery Company v. Johnson*, 226 S.W.2d 501, 502 (Tex.Civ.App.—San Antonio 1949, writ ref'd n. r. e.).

The primary question in this case is whether the plaintiffs-appellees have sustained their burden of proof under any one of the three alternatives set forth above. The jury failed to find in answer to Question 5(A) that Safeway was negligent in placing a slippery substance on the floor, and failed to find in answer to Question 5(B) that Safeway was negligent in allowing a slippery substance to be on the floor for a longer period of time than an ordinary, prudent store operator would have allowed. Therefore, if the trial court's judgment is to be sustained, we must look to the jury's finding in answer to Question 5(C) and determine if plaintiff has sustained her burden of proof under the third alternative,

namely, that the substance had been on the floor for such a period of time that, in the exercise of ordinary care, it should have been discovered and removed.

■ In determining a "no evidence" point, which is a question of law, we consider only that evidence, if any, and the reasonable inferences therefrom, which viewed in the most favorable light, supports the jury finding, and we must reject all evidence and inferences which are contrary to the finding. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Biggers v. Continental Bus Systems, Inc.*, 157 Tex. 351, 303 S.W.2d 359, 363 (1957); *Cartwright v. Canode*, 106 Tex. 502, 171 S.W. 696, 698 (1914).

The evidence shows that appellee Violet Harkless entered the Safeway Store at approximately 9:00 A.M. on Mother's Day, Sunday, May 14, 1978, to purchase flowers for her church. The store had been open for about an hour since 8:00 A.M. Mrs. Harkless testified that she had traded at the Safeway Store for "years and years"; that she did not see many people in the store that morning and that she went directly to the flower discount table where she frequently got plants as a customer of the store; that as she looked down at some mum plants which she liked, her right foot slipped on a wet substance on the floor, causing her to fall on the floor with resulting personal injuries; that she did not know of anybody being around when she fell. After wiping up the substance on the floor with a kleenex, she got up and reported the incident to Mrs. Hunt, a checker on duty at the front of the store. According to Mrs. Harkless she then went back to the place of her fall, picked up the flower she wanted to buy and returned to the check-out counter where, after further conversation with Mrs. Hunt, she paid for her purchase and left the store.

The evidence further reveals that the floor was cleaned and waxed between 9:00 p. m. and midnight on Saturday night prior to Mrs. Harkless' fall. Hayne Morrow, an assistant manager for Safeway, testified that caring for the flowers is under the store manager and the produce department; that Safeway has drip pans under the plants to catch water from watering and it has happened that plants have been over-watered; that the floor in the store is what is called a nonslippery floor and does not become "too slippery" with wax; that it could develop a slippery spot when moisture or liquid is on the wax; that if any water was left from the Saturday night clean-up operation it would dry before the opening Sunday morning and that he had never seen water on the floor Sunday morning from that cleanup; the the floors were regularly inspected on Sunday by one of the assistant managers who would usually come on duty about 10:30 a. m.; that he was not on duty the Sunday in question and did not know what time the other assistant manager came on that day.

Ray Batchelor, a former employee in Safeway's produce department, testified that his department took care of the flowers; that there was no one on duty in the produce department at the time Mrs. Harkless sustained her fall; that at other times he had seen customers pick up a pot plant and water would drip on the floor and he or other store personnel would immediately mop it up if they saw it; that he himself had spilled water on the floor in watering the plants but would then clean it up; that the floor is slippery when the waxed surface is wet; that any water from the floor machine used on Saturday night would be dry by the next morning and he has never seen a wet floor the next morning from waxing and redoing it the night before.

Mrs. Harkless further testified:

"Q . . . Was that a slippery place where you slipped on that floor?

"A Whatever it was, it was slippery. I don't know what it was, it was slippery.

"Q Now, as you examined it there and you found it, describe what you saw on the floor before you wiped it up.

"A I saw something that looked like brown water. I would say brownish looking water, and I couldn't swear. I like to be truthful. I can't swear

what that stuff was or where it came from, but it looked just like my flowers do when I overwater them. It looked like brown looking water that had dripped from a pot. I'm not saying that it was, I'm saying it looked like it, because God knows I can't swear what it was, Mr. Houston.

.    .    .    .    .

"Q  Now, I want you to think about this real carefully. Do you know what you fell or slipped on?

"A  I know what I believe I fell on.

"Q  What do you believe it was?

"A  It was brown looking water, and I believe it came from the flower pots.

"Q  Do you know how long it had been there?

"A  I can't swear to that.

"Q  Do you know who put it there?

"A  No sir.

"Q  In other words, you have no way of knowing if a customer had been there three minutes or five minutes before you and picked up a pot and possibly something had dropped or not, do you?

"A  No sir, I don't know that.

.    .    .    .    .

"Q  You saw the brown substance on the floor, but you didn't see it until after you had fallen, is that what you are saying?

"A  That is what I told you."

The burden of proof is upon the appellee Harkless to introduce testimony of probative force establishing negligence on the part of appellant Safeway. The mere happening of the event does not, of itself, imply negligence. The mere presence of some foreign substance on the floor is insufficient to warrant an inference that the storekeeper placed or left it there or had knowledge of its presence or that it had been there long enough to enable the storekeeper to discover and correct it by the exercise of ordinary care. *Franklin v. Safeway Stores, Inc.*, 504 S.W.2d 514, 516 (Tex.

Civ.App.—Dallas 1973, writ ref'd n. r. e.); *J. Weingarten v. Tyra*, 381 S.W.2d 215, 218 (Tex.Civ.App.—Tyler 1964, no writ); *Great Atlantic & Pacific Tea Co. v. Giles*, supra at 414. There is an entire absence of testimony of probative force that the appellant or its agents and employees either placed the foreign substance on the floor or knew that the substance was on the floor at the time of this accident. There is no evidence in the record as to how long the substance had been on the floor prior to the time Mrs. Harkless fell.

Appellees acknowledge in their brief that this is a circumstantial evidence case but contend there is evidence in the record from which negligence on the part of Safeway can logically and reasonably be inferred. They argue that from the testimony of the assistant manager, the produce manager and Mrs. Harkless the jury could infer that the brownish-looking liquid on the floor was probably fermented residue or drippings from a flower pot; or, if not from one of the flower pots, then that it was residue from the floor cleaning machine; or, there is the possibility that some previous customer had dropped the liquid on the floor. Appellees theorize that if the brownish liquid came from the flower pots, then it was more probably than not placed there or permitted to be there by store personnel. We do not agree. It is just as likely that the liquid was dropped from a pot picked up by a customer shortly before appellee's fall.

In *Bouyer v. Buddies' Supermarkets*, 580 S.W.2d 917, 919 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n. r. e.), a case cited by both parties, the court quoted from Thompson's Commentaries on the Law of Negligence, vol. 6, sec. 7863 as follows:

"...  '[A] verdict for negligence may be supported by inference; *but such inference must be a logical, probable, and reasonable deduction from proved or conceded facts. Negligence cannot be a mere matter of conjecture, but must be fairly inferable from the evidence.* .  .  It is not incumbent upon the plaintiff, after proving an accident which implies negligence, to show the particular negli-

gence, when from the circumstances it is not in his power to do so.'" (Emphasis added.)

The court in *Bouyer*, supra at 919, further stated:

"*In order to support a verdict in such a case the inference must be one which was fairly drawn upon evidence, upon both the issues of negligence and proximate cause, free and distinct from speculation and conjecture.* In this case the defendant insists that in order to hold as plaintiff desires it would be necessary to found an inference upon an inference, something which is forbidden to be done in seeking evidence to support a judgment.

. . .

"However, *any evidence upon 'cause in fact' (as a part of any proper proximate cause issue) must be established beyond the point of conjecture. It must show more than the possibility that it was because of the defendant's negligent arrangement of its display that the tomato in question was caused or permitted to be on the floor. If no more be shown that would be to make it necessary for the jury to speculate upon the hypothesis that its presence was not through some act of a patron of the store* (in the event the special issue on proximate cause be submitted).

"We agree with the trial court that, by the evidence, to submit the case would be to require that the jury guess or speculate upon 'cause of fact.' Such a submission has been consistently condemned and we cannot hold that the trial court erred by declining to require that the jury make the choice. *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779, 785 (1949)." (Emphasis added.)

■ As we view the record, the testimony relied upon by appellees, even when considered in the most favorable light, fails to establish when and how the substance got on the floor or whether the substance on the floor had been there for such a period of time that, in the exercise of ordinary care, it should have been discovered and removed. Such testimony does nothing more than raise a suspicion or surmise, requiring the jury to guess or speculate as to negligence and is therefore insufficient to raise an issue of fact as to whether the appellant was guilty of negligence in failing to discover and remove the substance. Absent proof that appellant either put the substance on the floor or knew it was on the floor and failed to remove it, or that the substance was on the floor for such a length of time that a person of ordinary prudence would have discovered and removed it, appellees failed to establish negligence on the part of appellant. *Kimbell, Inc. v. Roberson*, supra at 590.

Finding as we do no evidence of probative force to support the jury's answer to Question 5(C), it follows that the trial court erred in failing to grant Safeway's motion to disregard the jury's answer to Question 5(C) and in failing to grant Safeway's motion for judgment notwithstanding the jury's verdict. Appellant's second and third points of error as "no evidence" points are sustained.

The judgment of the trial court is reversed and judgment is rendered that appellees take nothing against appellant.