**Calvin JINKINS, et al., Appellants,**

v.

**S. K. CHAMBERS, et ux., Appellees.**

No. 1451.

Court of Appeals of Texas, Tyler.

Sept. 24, 1981.

Larry R. Sinclair, Cox, Holcomb & Sinclair, Rusk, for appellants.

John S. Ament, Jacksonville, for appellees.

MOORE, Justice.

Plaintiffs-appellees, S. K. Chambers and wife, Connie, the owners of a house and lot situated in Cherokee County, Texas, instituted this suit to set aside the sale of the property made under the powers of a deed of trust. As grounds for a cause of action they alleged that the sale was for a grossly inadequate consideration and that there were irregularities accompanying the sale that contributed to the inadequacy of the sale price. The defendants were Sam Bosnack and wife, the holders of the deed of trust, R. C. Von Doenhoff, the trustee who conducted the sale, and Calvin Jinkins and wife, the purchasers at the foreclosure sale. In response to a single special issue, the jury found that "an irregularity occurred in connection with the foreclosure sale on February 6, 1979... which irregularity was brought about through fraud, accident or mistake and which further caused, or contributed to cause, the property to be sold for a grossly inadequate consideration." Pursuant to the jury's verdict the trial court rendered judgment setting aside the sale and trustee's deed conditioned upon the Chambers paying to the Jinkins the sum of $23,000 paid by them as the purchase price at the trustee's sale, together with attorney's fees, as well as various other sums stipulated by the parties. Calvin Jinkins and wife, Billie, the purchasers of the property at the trustee's sale, together with R. C. Von Doenhoff, the trustee, perfected this appeal.

We affirm.

Under the first point of error appellants contend that the trial court erred in overruling their motion for judgment non obstante veredicto for the reason that there is no evidence to support the jury's finding that an irregularity occurred in connection with the foreclosure sale, which irregularity caused or contributed to cause the property to be sold for a grossly inadequate consideration.

The rule is well established that mere inadequacy of consideration is not grounds for setting aside a trustee's sale if the sale was legally and fairly made. *Am. Sav. & Loan Ass'n. of Houston v. Musick*, 531 S.W.2d 581 (Tex.1975); *Tarrant Sav. Ass'n. v. Lucky Homes, Inc.*, 390 S.W.2d 473 (Tex.1965). For avoidance of a trustee's sale, there must be evidence of irregularity, though slight, that caused or contributed to cause a sale for an inadequate price. *Sparkman v. McWhirter*, 263 S.W.2d 832, 837 (Tex.Civ.App.—Dallas 1953, writ ref'd); 39 Tex.Jur.2d, Mortgages and Trust Deeds sec. 156, p. 208. When it is shown that such inadequacy is due to any misconduct, fraud or unfairness on the part of the trustee or mortgagee, equity will avoid the sale. *Reisenberg v. Hankins*, 258 S.W. 904, 910 (Tex. Civ.App.—Amarillo 1924, err. dis'm w. o. j.).

In view of the fact that the jury's finding is challenged on the ground that the finding is not supported by the evidence, a summary of the testimony is necessary.

Appellees purchased a lake lot with a residence situated thereon from Sam Bosnack and wife, Stephanie Bosnack, on July 19, 1978. The purchase price of the property was $52,000.00, of which appellees paid $32,000.00 in cash and executed a promissory note payable to Mr. and Mrs. Bosnack in the amount of $20,000.00, which promissory note was secured by a deed of trust executed by appellees in which appellant, R. C. Von Doenhoff, was named trustee. The first monthly payment was due on September 1, 1978. Appellees failed to make timely payment of the monthly installments on said promissory note for September, October and November, 1978, but paid all three payments in November, 1978. Mrs. Chambers explained in her testimony that the reason for the late payment of these three installments was due to the fact that during this period she and her husband had hired her father as a bookkeeper for their business as well as their personal affairs and that he simply overlooked paying these installments. She testified that after she discovered the error, she called Mr. Bosnack and explained the situation and told him she was placing the check in the mail for all

three installments. Bosnack replied that he understood and thereafter accepted the check in payment. Appellees again failed to make timely payment of the December 1978 and January 1979 installments. After appellees failed to make the December 1978 payment, Mr. and Mrs. Bosnack went to their attorney, R. C. Von Doenhoff and instructed him to give written notice to appellees accelerating the maturity of the promissory note and instructed him to initiate foreclosure procedure under the terms of the deed of trust. Von Doenhoff mailed or caused to be mailed to appellees written notice of the Bosnacks' acceleration of the maturity of the note and demand for payment in full, and also enclosed written notice of the trustee's foreclosure sale to be held on February 6, 1979. The letter was mailed on or about December 13, 1978. This letter, which was sent by certified mail, was returned to the sender, appellant R. C. Von Doenhoff unclaimed. Mrs. Chambers testified that the reason they did not receive the notice was due to the fact that her father died suddenly in the first week of December 1978 making it necessary for the family to go to Wisconsin to arrange his funeral and they did not return until Christmas of that year. Thereafter, on January 10, 1979, appellant, R. C. Von Doenhoff posted notice of the sale as required by law and again mailed to appellees written notice of acceleration of the note and of the foreclosure sale. The letter was also returned unclaimed. Mrs. Chambers testified that the reason they did not receive this notice was because they moved from New Caney, Texas, during the first week in January 1979 to 8820 Memorial Drive in Houston, Texas.

On January 24, 1979, some thirteen days before the foreclosure sale on February 6, 1979, Mrs. Chambers testified that upon discovering that the December and January payments had not been made, she called Mr. Bosnack at his residence in Jacksonville, Texas, and explained that due to the death of her father and their moving to Houston, she overlooked making the December and January payments. Mr. Bosnack stated that they owed 10% for making late pay-

ments. Mrs. Chambers testified that after telling him she had already made out the check for the two delinquent installments she offered to include the 10% late charge in the February payment. She testified Bosnack told her that would be just fine. She testified that Bosnack did not mention anything about the foreclosure sale. She mailed him a check for $506.72 for the two delinquent installments, and although the check was never negotiated, neither the check nor the letter was returned to them. Attorney Von Doenhoff testified that Mr. Bosnack brought the check to him and told him to go ahead with the foreclosure sale. He did not, however, tell Von Doenhoff of any conversations he had with appellees. The Chambers did not see the $506.72 check for the December and January installments until the trial when it was produced by appellants' attorney at the request of appellees' counsel. The record shows that the check was mailed back to appellees by Von Doenhoff at Mr. Bosnack's instruction on January 31, 1979. Enclosed in the letter was a copy of the notice of the February 6 foreclosure sale. This letter was mailed to the Houston address shown on the envelope in which the $506.72 payment had been received but was never received by appellees. The letter was returned unclaimed to appellant, R. C. Von Doenhoff.

On February 6, 1979, attorney Von Doenhoff proceeded to conduct the foreclosure sale at the courthouse door. Mr. Sam Bosnack made an initial bid of the balance due on the note. Appellant, Billie Ruth Jinkins, bid $21,000.00 for the property. After another bid by a third party, appellant, Billie Ruth Jinkins, bid $23,000.00, which was the highest and final bid, and appellant, R. C. Von Doenhoff, struck off the property to her for the sum of $23,000.00. She paid appellant, R. C. Von Doenhoff, as trustee, the amount of her bid and he executed a trustee's deed to her. The record shows that Billie Ruth Jinkins was an employee of Southwestern Abstract Company. The record further shows that the employees of the abstract company prepared all the paper work in connection with the original sale of

the property, as well as the trustee's sale. Although Von Doenhoff represented the abstract company as its attorney, there was no evidence of any wrongdoing on the part of Mrs. Jinkins or Von Doenhoff.

Appellee, S. K. Chambers testified that the property had a reasonable value of $52,-000; that in November 1978 when he discovered that the September, October and November payments were delinquent he called Mr. Bosnack and told him that he would pay the entire balance of the note at that time but preferred to wait until spring. He testified Mr. Bosnack told him it would be all right to wait until spring. He further testified that he had sufficient funds on hand to pay the $20,000 balance due on the note and would have paid the same had he known of the foreclosure proceeding. At the trial he testified he was ready, willing and able to pay appellants the amount bid at the trustee's sale plus expenses. Both Mr. and Mrs. Chambers unequivocally denied that they had any knowledge of the foreclosure proceedings until after the sale. Mr. Bosnack did not testify at the trial. Mrs. Bosnack testified he was ill.

In determining whether there is "no evidence" to support the jury's verdict, we consider only that evidence, if any, and the reasonable inferences therefrom which viewed in the most favorable light, supports the jury's finding and we must reject all evidence and inferences which are contrary to the finding. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Safeway Stores, Inc. v. Harkless*, 601 S.W.2d 534 (Tex.Civ.App.—Tyler 1980, writ ref'd n. r. e.).

■ Crucial to appellants' contention that there is no evidence to support the jury's finding that an irregularity occurred is the unrefuted testimony of Mrs. Chambers in which she testified Mr. Bosnack agreed to accept the delinquent December and January installments without mentioning that he had already caused notice of the trustee's sale to be posted. Thus, we have a situation where the mortgagee Bosnack agreed to accept the two late payments on January 24, 1979, after notice of sale had been posted and only thirteen days before

the property was scheduled to be sold at the trustee's sale. The conduct of Bosnack in accepting the late payments at this particular time no doubt had the effect of leading the Chambers to believe that he did not intend to pursue his remedy of foreclosure. Having been led to believe that the payment on January 24, 1979, would make their payments current, they were lulled into a sense of false security and induced not to protect their interest. Thus, we are of the opinion that there is some evidence to support the finding of an irregularity. *John Hancock Mut. Life Ins. Co. v. Howard*, 85 S.W.2d 986, 988 (Tex.Civ.App.—Waco 1935, writ ref'd). Further, the jury could have found that Bosnack deliberately intended to mislead the appellees so as to prevent them from learning of the trustee's sale. When viewed in a light most favorable to the verdict, we think the evidence was sufficient to support the finding of irregularity.

There is ample evidence that the property was sold for an inadequate consideration and the evidence is undisputed that had the Chambers known of the trustee's sale, they had sufficient funds to redeem the property.

We hold that there is ample evidence to support the verdict and the judgment setting aside the trustee's sale. Appellants' first point is overruled.

The evidence in our opinion is not insufficient to support the judgment nor is the judgment against the overwhelming weight and preponderance of the evidence. Points two and three are overruled.

■ Finally, appellants seek a reversal on the ground that counsel for appellees made an incurable jury argument calculated to prejudice the jury. We find no merit in this contention.

Complaint is made of the following statement made by appellees' counsel: "I've got another thought on it and maybe this is getting a little far afield, I don't know. This case is somewhat of a moral issue."

In view of the conduct of the mortgagee Bosnack, in agreeing to accept the two delinquent payments on January 24, 1979, af-

ter the notice of sale had been posted and then mailing the check back only seven days before the sale, we think the argument complained of constituted a legitimate conclusion based upon the evidence in the record.

Appellants further urge that incurable error was committed by the following argument: "What we need is some good ole be good to your neighbor type of stuff." Appellants registered no objection to this statement. The record shows that in the very next sentence counsel advised the jury that they should not decide the case on "bias, prejudice or liking one side more than the other, sympathy." In view of counsel's explanation of his remarks, we fail to see how such remarks constituted incurable error in the absence of an objection and a request that the jury be instructed not to consider such remark.

The judgment of the trial court is affirmed.