Neil Chur, et al. v. Ninfa Lorea, et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-059-CV

Â Â Â Â Â NEIL CHUR, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellants
Â Â Â Â Â v.

Â Â Â Â Â NINFA LOERA, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 82nd District Court
Robertson County, Texas
Trial Court # 99-09-15,831-CV-A
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â On December 7, 2000, the parties filed a motion to âvacate and render judgment pursuant
to settlement.â They ask that we dismiss this action with prejudice. In relevant portion, Rule
42.1 of the Texas Rules of Appellate Procedure provides:
(a) The appellate court may dispose of an appeal as follows:
(1) in accordance with an agreement signed by all parties or their attorneys
and filed with the clerk;
Â 
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no party may be prevented from seeking any relief to
which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a).
Â Â Â Â Â Â The motion states that all matters in controversy have been amicably compromised and
settled. It is signed by attorneys for both parties.
Â Â Â Â Â Â Therefore, under the authority of Rule 42.1, the judgment is vacated and the case is
dismissed. Id.; see also Tex. R. App. P. 43.2(e). Costs are taxed against the party incurring
them.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Dismissed
Opinion delivered and filed December 20, 2000
Do not publish



font-weight:
normal'>,

 Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

Â 

Â 

Â 



From the 44th District Court

Dallas County, Texas

Trial Court # DV00-02808-B

Â 



Opinion



Â 








Â Â Â Â Â Â Â Â Â  Alice
and Lloyd Kofahl filed this slip-and-fall case against RandallÂs Food & Drugs, formerly dba Tom
Thumb Food & Drugs, after Alice slipped in an unidentified liquid on the
groceryÂs floor, fell, and broke her hip.Â 
The trial court granted RandallÂs no-evidence summary judgment motion which
alleges that the Kofahls can produce no evidence that RandallÂs had actual or
constructive knowledge of the spilled liquid.Â 


Â Â Â Â Â Â Â Â Â  The
Kofahls contend in four issues that the court erred by granting the summary
judgment because: (1) RandallÂs can be held liable under Âthe Corbin ruleÂ due to inadequate safety
policies and procedures regardless of whether it had actual or constructive
knowledge of the spill; (2) RandallÂs Âcreated unreasonably dangerous premisesÂ
by failing to have adequate policies and procedures; (3) they presented more
than a scintilla of evidence that the spill had been on the floor long enough
to charge RandallÂs with constructive knowledge; and (4) they should not be
required to prove actual or constructive knowledge under the facts of this
case. The Kofahls contend in an additional issue that the court should have
permitted further discovery regarding RandallÂs policies and procedures.

Â Â Â Â Â Â Â Â Â  RandallÂs
contends in a cross-issue that, regardless of the merits of AliceÂs claim, the judgment must be affirmed as to
Lloyd because the Kofahls have not presented a separate issue challenging the
judgment with respect to LloydÂs claim.

Â Â Â Â Â Â Â Â Â  Because
the Kofahls presented more than a scintilla of evidence that the liquid had
been on the floor long enough to give RandallÂs constructive knowledge of its
presence and because RandallÂs did not present an Âindependent groundÂ for
summary judgment on LloydÂs claim, we will reverse and remand.

CONSTRUCTIVE KNOWLEDGE

Â Â Â Â Â Â Â Â Â  The
Kofahls contend in their third issue that they presented more than a scintilla
of evidence that the liquid had been on the floor long enough to charge
RandallÂs with constructive knowledge of its presence.Â  Under settled premises liability law, if the
premises owner did not place the substance in question on the floor and did not
have actual knowledge of its presence, the plaintiff must establish that Âit is
more likely than not that [the substance was on the floor] long enough to give
the premises owner a reasonable opportunity to discover it.ÂÂ  Wal-Mart
Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002).

Â Â Â Â Â Â Â Â Â  Alice provided deposition testimony that the edges
of the ÂlargeÂ puddle of liquid she slipped in were Âvery tacky and gummyÂ as
if the puddle was Âstarting to dry up.ÂÂ 
Although our research has not disclosed any recent cases addressing this
type of evidence, it has been held that this type of testimony will support a
finding that a liquid on the floor has been there for a sufficient length of
time to charge the premises owner with constructive knowledge of its presence.[1]Â  See
Kroger Stores, Inc. v. Hernandez, 549 S.W.2d 16, 16-17 (Tex. Civ. App.ÂDallas
1977, no writ); FurrÂs, Inc. v. McCaslin,
335 S.W.2d 284, 286-87 (Tex. Civ. App.ÂEl Paso 1960, no writ); FurrÂs, Inc. v. Bolton, 333 S.W.2d 688,
689-90 (Tex. Civ. App.ÂEl Paso 1960, no writ).Â 
Even those these decisions are not recent, more recent decisions of the
Supreme Court seem to affirm their continuing validity.Â  See
e.g. Reece, 81 S.W.3d at 817 (affirming judgment in part because there was
no Âevidence concerning the condition of the spilled liquid that might indicate
how long it had been thereÂ); Wal-Mart
Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 937 (Tex. 1998) (affirming
judgment in part because there was no evidence Âthat the dirt on the macaroni
salad had dried, suggesting that it had been there for a prolonged period of
timeÂ).

Â Â Â Â Â Â Â Â Â  RandallÂs
cites a number of cases to support its contention that AliceÂs testimony constitutes no more than a mere
scintilla of evidence to establish constructive knowledge.Â  See
Richardson v. Wal-Mart Stores, Inc., 963 S.W.2d 162 (Tex. App.ÂTexarkana
1998, no pet.); Safeway Stores, Inc. v.
Harkless, 601 S.W.2d 534 (Tex. Civ. App.ÂTyler 1980,
writ refÂd n.r.e.); Robledo v. Kroger Co.,
597 S.W.2d 560 (Tex. Civ. App.ÂEastland 1980, writ refÂd n.r.e.); Franklin v. Safeway Stores, Inc., 504 S.W.2d 514 (Tex. Civ. App.ÂDallas 1973, writ refÂd n.r.e.); FurrÂs Supermarkets, Inc. v. Arellano,
492 S.W.2d 727 (Tex. Civ. App.ÂEl Paso 1973, writ refÂd n.r.e.).

Â Â Â Â Â Â Â Â Â  Unlike
the Kofahls, the plaintiffs in most of the cases cited by RandallÂs presented
evidence of a liquid on the floor but failed to present any evidence that the
liquid had begun to dry.Â  See Richardson, 963 S.W.2d at 164-65
& n.1; Harkless, 601 S.W.2d at
537-38; Robledo, 597 S.W.2d at
560.Â  In some of the cases cited, the
plaintiffs presented evidence that the liquid was dirty or had shopping cart
tracks running through it.Â  See Harkless, 601 S.W.2d at 537-38; Robledo, 597 S.W.2d at 560.Â  However, this type of evidence has
consistently been considered inadequate to establish constructive
knowledge.Â  See Gonzalez, 968 S.W.2d at 937; Harkless, 601 S.W.2d at 537-38; Robledo,
597 S.W.2d at 560-61.

Â Â Â Â Â Â Â Â Â  In
Franklin, the plaintiff testified that she slipped in
a Âdry syrupy looking substance.ÂÂ  504
S.W.2d at 517.Â  The court concluded that
this testimony was inadequate to establish constructive knowledge because it
did not account for the fact that the substance may have been ÂdryÂ and ÂsyrupyÂ
when it spilled.Â  Id. (citing Bolton, 333 S.W.2d at 690).Â  Here however, Alice testified that the liquid in which she
slipped and fell was drying around the edges, not that it was the same
consistency throughout.Â  See Bolton, 333 S.W.2d at 690.

Â Â Â Â Â Â Â Â Â  For
the foregoing reasons, we conclude that the authorities relied on by RandallÂs
do not apply to the facts of this case.Â  Thus,
we hold that the Kofahls presented more than a scintilla of evidence to show
constructive knowledge.Â  See Forbes, Inc. v. Granada Biosciences,
Inc., 124 S.W.3d 167, 172 (Tex. 2003) (nonmovant must produce more than a
scintilla of evidence to defeat no-evidence summary judgment motion).

Â Â Â Â Â Â Â Â Â  Accordingly,
we sustain the KofahlsÂ third issue.

BECAUSE RANDALLÂS DID NOT ASSERT AN ÂINDEPENDENT GROUNDÂ

FOR SUMMARY JUDGMENT ON LLOYDÂS CLAIM, WE WILL

REVERSE THE JUDGMENT ON LLOYDÂS CLAIM AS WELL

Â 

RandallÂs contends in its sole cross-issue that,
notwithstanding our disposition of the KofahlsÂ third issue, we must affirm the
judgment as to LloydÂs claim for loss of consortium because the Kofahls have
not presented a separate issue on appeal challenging Âthe summary judgment
ground addressed to [LloydÂs] claims.Â

Â[W]hen an appellant does not properly challenge
each independent ground asserted for summary judgment as to a claim, the claim
will be affirmed.ÂÂ  City of Glenn Heights v.
Sheffield Dev. Co., 55 S.W.3d 158,
163 (Tex. App.ÂDallas 2001, pet. denied); accord Wrenn v. G.A.T.X. Logistics, Inc.,
73 S.W.3d 489, 493 (Tex. App.ÂFort Worth 2002, no pet.).

RandallÂs summary judgment motion states:

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Defendant
moves for summary judgment on the ground that there is no evidence of an
essential element of Plaintiff Alice KofahlÂs negligence claim on which she
will have the burden of proof at trial.Â 
Specifically, there is no evidence regarding whether Defendant knew or
should have known of a premises condition which posed an unreasonable risk of
harm to Mrs. Kofahl.Â  Therefore,
Defendant is entitled to judgment as a matter of law on this claim.Â  Defendant further moves for summary judgment
on Plaintiff Lloyd KofahlÂs loss of consortium claim on the ground that such
claim is wholly derivative of his wifeÂs claim.Â 
Because her claim must fail as a matter of law, Mr. KofahlÂs claim must
likewise fail.

Â 

From this quoted excerpt, it is apparent that
RandallÂs ground for summary judgment as to LloydÂs claim depends entirely on a
favorable finding on its ground for summary judgment on the issue of
constructive knowledge.Â  Therefore, it
cannot be properly characterized as an Âindependent groundÂ for summary
judgment.Â  Cf. Wrenn, 73 S.W.3d at 493; City
of Glenn
Heights, 55 S.W.3d at 163.Â  Accordingly, we overrule RandallÂs sole
cross-issue.

Because of our disposition of these issues, we
need not address the remainder of the issues presented.Â  We reverse the judgment and remand this cause
to the trial court for further proceedings consistent with this opinion.

Â 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Reversed and remanded

Opinion delivered and
filed October 27, 2004

[CV06]











Â Â Â  [1]Â Â Â Â Â Â Â Â Â  Notably,
our research has disclosed no cases (recent or otherwise) concluding that such
evidence is inadequate to show constructive knowledge.